Eastern District of Kentucky
**F I L E D**

FEB 28 2013

AT PIKEVILLE
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION CASE 7:13-CV-8

AMY JERRINE MISCHLER,
  Plaintiff,

V.

JONAH LEE STEVENS, et al,.
  Defendants.

## MOTION FOR EMERGENCY INJUNCTIVE RELIEF

\*\*\*\*\*\*\*

Now comes the Plaintiff, Amy Mischler who requests emergency injunctive relief from this Federal Court for the Defendants retaliation against her for filing this action and denying her access to the state courts in Kentucky.

This Federal District Court has jurisdiction over this matter because the Kentucky State courts won't assign judges in Ms. Mischler cases because Ms. Mischler filed this civil action exposing the fraud in the Kentucky state courts.[1] See DVD recording of phone call attached as Exhibit 1.

### I. Fraud Upon the Court: 2002

To briefly reiterate, fraud upon the court took place by two judges, two circuit court Clerks and four attorneys to hold sham simulated legal proceedings without jurisdiction or legal authorization to protect and benefit local Pikeville attorney Jonah Lee Stevens and to deny the Plaintiff her parental rights and access to the Courts in Pike County Kentucky.

### II. Denied redress for years

Ms. Mischler has sought redress in the state courts of Kentucky for years in attempting to regain her parental rights and have the state courts admit and address the fraud upon the court by state court officials and attorneys.[2] This failure to give Ms. Mischler redress has created a tangled legal chaotic "mess" which Ms. Mischler requested administrative relief from the Chief

---

[1] Since the Defendants have not been served the complaint pending preliminary matters due to Ms. Mischler pro se and in forma pauperis status; it is unknown how the Defendants became aware of this action.

[2] The Younger Abstention and the Rooker-Feldman Doctrine typically bar state court litigants from redress in the federal courts. However, when the Kentucky Court of Appeals falsified an order; the level of fraud is so great that there is sufficiency to overcome the two doctrines in addition to other legal issues not barred.

1 of 718

Justice of the Supreme Court twice, who under Kentucky's Constitution has immense authority. Neither then Chief Justice Lambert nor current Chief Justice Minton upon notice of irregularities has taken administrative action.

### III. Fraud Upon the Court of Appeals: 2012

Ms. Mischler also sought redress in the form of writs of mandamus to the Pike Circuit Court Clerks to produce orders granting Defendant Julie Paxton judicial jurisdiction in two of her cases. The Kentucky Court of Appeals falsified an order claiming that the two cases were the "same" case, created a new case number that has never existed, AND falsely made a factual finding that Paxton was assigned and Thompson recused from case 02-D-00202-002 when clearly and unambiguously Ms. Mischler proffered a case history showing that there was neither assignment or recusal and a letter by the Pike County Circuit Court Clerk on letter head stating that there was no order granting jurisdiction or assigning Paxton to 02-D-00202-002.

*AFTER the Kentucky Court of Appeals falsified its order* and denied the motion to reconsider which raised the factual flaws; **Ms. Mischler realized that she could trust no state court to give her redress and subsequently filed this action.**

HOWEVER, before this action was filed in January 2013; Ms. Mischler had motions filed in the Pike County Circuit Court in cases 02-D-00202-001, 02-D-00202-002, and 02-D-00202-003 on December 12, 2012.

### IV. REFUSAL TO ASSIGN STATE COURT JUDGES/DENIAL OF ACCESS TO THE COURTS

Todays date is 2/25/2013. No state court judge has been assigned to 02-D-00202-001, 02-D-00202-002, or 02-D-00202-003 in Pike County Kentucky despite outstanding motions sitting on the docket since December 12, 2012.

A conversation between Kentucky Supreme Court Administrative Assistant Kathy Stevens and Ms. Mischler took place on or about February 19, 2013 and today, February 25,

2013 concerning the failure of assignment of judges to 02-D-00202-001, 02-D-00202-002, and 02-D-00202-003.[3]

According to Ms. Kathy Stevens, *"because you [Ms. Mischler] sued, ummmm, I think that kind of as far as I know, put everything on hold"*. In short, because Ms. Mischler filed this lawsuit; the Kentucky State Courts are refusing to assign judges to 02-D-00202-001, 02-D-00202-002, and 02-D-00202-003 because Ms. Mischler filed this lawsuit and thus are retaliating against Ms. Mischler denying her unenumerated civil right to have access to the courts and her enumerated 1st Amendment right to redress of grievances.

V. Judicial assignment is in violation of judicial canons.

Unlike federal assignments where the Chief Judge in the federal district assigns a judge upon recusal; Kentucky has developed the practice of asking state court judges if they are interested in a case, and then assigning cases to individuals who are *"interested"*. This, of course is in violation of judicial canon's which require judges to be "disinterested" in cases that they are adjudicating.

Specifically, senior judges in Kentucky have been allowed to personally select what cases they are assigned to.[4] Ms. Stevens told Ms. Mischler that *"if we had a senior judge requested it"* [Ms. Mischler's cases] and that *"We couldn't find a judge to take it"* because Ms. Mischler had sued so many judges in this action.[5]

---

[3] Ms. Stevens is the individual who replaced Defendant Debbie Reynolds as the coordinator of assigning special judges in state court cases. She is the administrative assistant of Chief Justice John Minton.

[4] The most well-known case of a senior judge requesting a case is former Judge Cletus Maricle. Maricle has been convicted by federal authorities for Racketeering and using his judicial position to influence judicial proceedings, in addition to vote fraud. Judge Maricle specifically asked to be assigned to specific cases, which appears that request was intentional to influence the outcome as according to the litigant, who was warned by the F.B.I. of being on Maricles computer "hit list" seized upon Maricles arrest. See James Faller cases in Russell County Kentucky.

[5] Not counting retired judges who may be recalled and assigned to cases under Kentucky regulations and senior judges; Kentucky has 282 judges on its payroll with only seven current judges as defendants in this action. Thus, Ms. Stevens insinuation that Ms. Mischler had sued most the judges in Kentucky; <u>**7 out of 282, is pure hyperbole**</u>.

3 of 18

VI. Unconstitutional Kentucky Supreme Court Order

Complicating this matter is a secret Supreme Court of Kentucky Order, "IN RE: Guidelines for the Senior Status Program for Special Judges" which is not made available to the public on the Kentucky Administrative Office of the Courts website, and is unenumerated. By its date of September 24, 2004 it should be enumerated 2004-5, Supreme Court Order.[6]

"IN RE: Guidelines for the Senior Status Program for Special Judges" Kentucky Supreme Court order state that senior judges "**SHALL**" have ex parte communications with the circuit court clerk where the case is situated and with the sitting judge, who recused if available. See section IV. E. See Exhibit 2.

Further, at this ex parte communication the senior judge, circuit court clerk, and the sitting judges shall decide "**how the case will proceed**"; see last sentence of section IV.E, of said Supreme Court order. This is clearly outrageous and in violation of the judicial canon's and provisions of the Kentucky Constitution and the due process clause of the United States Constitution which requires detached and neutral judges in state court actions.

Ms. Mischler was never informed that senior status Judge Lewis Nicholls assigned to 01-CI-1197 [Pike divorce/child custody case] had an ex parte communication with Defendant David Deskins, Julie Paxton/Larry Thompson in this action. Further and although Ms. Mischler has

---

For Ms. Stevens' defense, it is unfair to her that her supervisor has placed Ms. Stevens and Ms. Mischler in uncomfortable positions by refusing to exercise his administrative authority to remediate the situation.

[6] Kentucky Supreme Court Order Amendment of SCR 3.130(7.05(2)) is enumerated 2004-4 and dated August 19, 2004 and Kentucky Supreme Court Order Amending Rules of Civil Procedures, Rules of Criminal Procedure, Rules of the Supreme Court is enumerated 2004-5 and dated October 29, 2004. There are provisions in the "IN Re: Guidelines for the Senior Status Program for Special Judges" that are in violation of the judicial canons and are outrageous including 1) that a senior judge "shall" have ex parte communications with the circuit court clerk and sitting judges in cases assigned, 2) a senior judge can enhance their retirement up to 100% of retirement, for the extra five years of participation in the senior judge program and 3) there can be outside agreements in writing between the senior judge and the Chief Justice to alter the terms of the "IN RE: Guidelines for the Senior Status Program for Special Judges" by special contract. Only Chief Justice Lambert approved the "IN RE: Guidelines for the Senior Status Program" of which he subsequently participated in and presumably doubled his retirement. The document was intentionally withheld from the public which would be outraged had it been known what was taking place in the senior judge program.

4

never been served with a copy of the order, granting Senior Judge Foellger now allegedly assigned to 01-CI-1197; Senior Judge Foellger was required to have an ex parte with defendant Anna Pinson and senior judge Nichols before he filed an order in 01-CI-1197.[7]

Senior Judge Foellger has NEVER INFORMED Ms. Mischler of his ex parte communication with Defendant Pinson and Senior Judge Nichols. Thus, under the requirements of "IN RE: Guidelines for the Senior Status Program for Special Judges"; Ms. Mischler cannot be assigned a neutral judge under the guidelines nor is Judge Foellger neutral.

VII. RELIEF REQUESTED

Ms. Mischler is suffering irreparable harm from being denied access to the Kentucky state courts where Chief Justice Minton is refusing to assign a judge to cases 02-D-00202-001, 02-D-00202-002, and 02-D-00202-003 [Pike county]. Ms. Mischler is further suffering from irreparable harm from both the Defendant Pinson not serving documents including the alleged order assigning senior Judge Foellger to Ms. Mischler. In addition, Ms. Mischler is suffering from irreparable harm from senior Judge Foellger being allegedly assigned to her case because of the requirements of judge Foellger having an undisclosed ex parte communication with Defendant Pinson in this action, to decide "how to proceed" in 01-CI-1197.[8]

A simple solution; is for all of Ms. Mischler state court cases in Pike County Kentucky to be removed to Jefferson County Kentucky, the largest state court circuit which neutrally assign judges based on neutral assignment of the initials of the litigants in accordance to the local rules.

---

[7] Senior Judge Lewis Nichols had no specific involvement in 02-D-00202-001 although he knew that Paxton had committed fraud upon the court by feigning jurisdiction in 02-D-00202-001, 02-D-00202-002 and 01-CI-1197.

[8] Perhaps this will be an issue at a later to define what the terms "how to proceed" mean. At the least, it is obvious that the civil rules which normally determine "how to proceed" are replaced by unwritten determinations at the ex parte meeting between senior judge, sitting judge, and circuit court clerk. However, it could mean that the outcome of the case is determined at the ex parte meeting, which the senior judge, circuit court clerk, and sitting judge determining "how to proceed" to obtain the predetermined outcome. Regardless, the integrity of the entire senior judge program is compromised by the unenumerated Supreme Court order.

WHERE THE DVD RECORDING unambiguously shows that Ms. Mischler is being denied access to the courts in 02-D-00202-001, 02-D-00202-002, and 02-D-00202-003 because Ms. Mischler filed this civil action AND she has not received service of process from Defendant Pinson of senior judge Foellger being assigned to 01-CI-1197, and that by Kentucky Supreme Court order senior judge Foellger cannot be neutral because of the mandated undisclosed ex parte communication with Defendant Pinson by Supreme Court Rule; without delay, Ms. Mischler requests this Federal District Court to order Defendant Chief Justice Minton to immediately transfer Ms. Mischler Pike County cases to Jefferson County Kentucky for neutral assignment under their local rules of procedure by litigant initial to a sitting family court judge.

Respectfully submitted,

Amy Jerrine Mischler
1120 Palm Court
Okeechobee, Florida 34974

**Certificate of Service**

Where the Defendants have yet to be served by Federal Marshall of this action; service is limited to this motion for injunctive relief for Kentucky Supreme Court Chief Justice Minton to stop retaliating against Ms. Mischler for filing this action and seeking federal redress and to order Chief Justice Minton to immediate action to see that Ms. Mischler has access to the courts in her cases. Chief Justice Minton is served a copy of this motion at Warren County Justice Center 1001 Center Street, Suite 305 Bowling Green, KY 42101. on Feb 26, 2013

Amy Mischler