UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

| | |
|---|---|
| AMY JERRINE MISCHLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 7:13-CV-8 |
| JONAH LEE STEVENS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff has filed a Motion to Vacate and Strike Order Due to Outrageous Factual Errors or in the Alternative a Hearing on the Matter [Doc. 121]. In short, plaintiff requests that the Court vacate the memorandum and order [Doc. 118] entered April 8, 2014, granting the then-pending motions to dismiss and/or for summary judgment and dismissing most of the remaining defendants from this case. Plaintiff claims that the memorandum and order is rife with errors, so many that she declines to identify all of them. She also requests that the undersigned withdraw from this matter because the numerous errors raise an appearance of impropriety. The defendants have responded to plaintiff's motion [Docs. 130, 131, 132, 134] and the Court has carefully reviewed the motion and responses.

Because plaintiff is proceeding *pro* se, the Court will construe her motion liberally. *See Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). Although plaintiff's motion is not styled as such, a party may move to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e). However, relief under Rule 59(e) is available only if

the plaintiff can show: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Rule 59 motions are "extraordinary and … seldom granted," *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421 at *1 (M.D. Tenn. Jan. 26, 2011), and are not "intended as a vehicle to re-litigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Gilley v. Eli Lilly & Co.*, 2014 WL 619583 at *2 (E.D. Tenn. Feb. 18, 2014). Plaintiff's motion identifies no errors of law or intervening changes in controlling law and presents no newly discovered evidence. Further, plaintiff's mere disagreement with the Court's recitation of the facts in the record does not rise to the level of "manifest injustice."

Alternatively, the Court will review plaintiff's motion as a request for relief from a final judgment under Fed. R. Civ. P. 60(b), which is permitted only for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Having presented no newly discovered evidence, a claim of fraud, misrepresentation or misconduct by an opposing party, or evidence that the judgment is void or no longer equitable, plaintiff's request could only be reviewed under the first and sixth provisions of Rule 60(b). Relief under Rule 60(b)(1) requires a party demonstrate that she has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect. *Brown v. White*, No. 96-3610, 1997 WL 570399 at *2 (6th Cir. Sept. 11, 1997). Plaintiff's motion presents no evidence of a meritorious claim, only a disagreement with some of the facts in the record. "Rule 60(b)(6) should be used only in exceptional or extraordinary circumstances and can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b)." *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund*, 770 F.2d 449, 451 (6th Cir. 1985). There is nothing in plaintiff's motion to indicate that this is an exceptional or extraordinary circumstance which would justify amending or vacating the previously entered judgment.

Finally, plaintiff has presented no meritorious reason for the undersigned to withdraw and her request for hearing will be denied.

Accordingly, for all of these reasons, plaintiff's Motion to Vacate [Doc. 121] is **DENIED**.

IT IS SO ORDERED.

Enter:

                              s/ Thomas W. Phillips
                              SENIOR UNITED STATES DISTRICT JUDGE