UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

| | |
|---|---|
| AMY JERRINE MISCHLER, | ) |
| Plaintiff, | ) |
| v. | ) No. 7:13-CV-8 |
| JONAH LEE STEVENS, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Defendant Jonah Lee Stevens has filed a motion for summary judgment [Doc. 186], asking for judgment as a matter of law on the sole remaining claim against him. He has filed a memorandum and exhibits in support of this motion. Plaintiff Amy Jerrine Mischler has filed an opposition to the motion [Doc. 192], also with a supporting memorandum and exhibits.

After carefully considering the pending motion and relevant pleadings, the defendant's motion for summary judgment will be **GRANTED**.

**I.   Relevant Facts**

The record reflects that the parties married on July 30, 1991, and separated on May 30, 2001 [Doc. 186-2]. The parties reached an agreement dissolving their marriage and establishing joint legal custody of their two minor children, which was approved and

entered by the Pike County Circuit Court on October 24, 2001, case number 01-CI-01197 [*Id.*].

The parties each filed for a domestic violence order of protection against the other in the Pike County Circuit Court, case numbers 02-D-00202-001 and 02-D-00202-002 [Doc. 186-3]. On August 7, 2002, the petitions were heard and dismissed by Judge Julie Paxton, from the Floyd County Family Court, who had been appointed to hear the case. These form orders, which reflect that both petitions were dismissed, were entered in the court record on September 9, 2002 [*Id.*]. Judge Paxton issued a subsequent written order dismissing both petitions and setting forth certain custody and visitation arrangements for the parties' children [Doc. 186-4]. It appears that Judge Paxton signed the order on September 18, 2002, and it was entered in the court record on September 23, 2002 [*Id.*]. According to Mr. Stevens, this order was never appealed or set aside and there were no further proceedings in case numbers 02-D-00202-001 and 02-D-00202-002 [Doc. 186-1 at pp. 2—3]. Ms. Mischler does not dispute this.

Starting in November 2005, the parties began litigating issues related to child support and custody in the divorce case, case number 01-CI-01197. On August 6, 2009, Judge Lewis D. Nicholls entered a written order in case number 01-CI-01197 which awarded sole custody of the parties' children to Mr. Stevens and established a visitation schedule for Ms. Mischler [Doc. 186-8].

Plaintiff initiated this civil action against her ex-husband and numerous other defendants on January 28, 2013 [Doc. 1]. As a result of prior rulings, Mr. Stevens is sole

remaining defendant and there is one remaining claim against him, a tort claim of intentional infliction of emotional distress, or outrage [*Id.* at ¶ 155].

## II.     Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). "Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper

question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id.* at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

### III.   Analysis

The complaint alleges the following claim against Mr. Stevens:

> Stevens, Paxton, Thompson, and Deskins actions to conspire to hold sham simulated legal proceedings without jurisdiction to illegally change child custody to Glema Stevens, a non-party shocks the conscious [*sic*], has caused Mischler severe emotional and financial distress and no civil society can tolerate the actions of officers of the Court committing such egregious fraud upon the court.

[Doc. 1 at ¶ 155]. This allegation relates to the September 23, 2002 custody order entered by Judge Paxton and which Ms. Mischler contends was entered without subject matter jurisdiction.

Mr. Stevens argues that he is entitled to judgment as a matter of law because this claim is barred by the statute of limitations. The tort of intentional infliction of emotional distress, or outrage, was first recognized by the Kentucky Supreme Court in *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984). *See Brewer v. Hillard*, 15 S.W.3d 1, 6 (Ky. Ct. App. 1999).

As explained in *Craft*, the tort is shown where "[o]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm."  671 S.W.2d at 251 (quoting Restatement (Second) of Torts § 46(1)). The elements of an outrage claim are: (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe.  *Humana of Ky., Inc. v. Seitz*, 796 S.W.2d 1, 2—3 (Ky. 1990) (citing *Craft*, 671 S.W.2d at 249).  *Craft* also established that the statute of limitations for a tort of outrage claim is five years.  *Craft*, 671 S.W.2d at 251.

As noted initially, this case was filed on January 28, 2013 [Doc. 1], thus encompassing any acts by Mr. Stevens between January 28, 2008 and January 28, 2013. In support of his argument that the claim is time-barred, Mr. Stevens points to Ms. Mischler's interrogatory response in which she identifies "the acts [she is] alleging Mr. Stevens has done that *directly relates* to this tort claim asserted against him" [Doc. 186-1 at pp. 6—8].[1]  Without restating all of Ms. Mischler's response, she alleges acts that began in 2002 with the respective domestic violence petitions and continued through her

---

[1] For unknown reasons, Mr. Stevens has not filed a copy of Ms. Mischler's interrogatory response in support of his motion as indicated by Rule 56(c)(1)(A) ("A party asserting that a fact cannot be … disputed must support the assertion by: (A) citing to particular parts of *materials in the record*, including … interrogatory answers … ."  Fed. R. Civ. P. 56(c)(1)(A) (emphasis added). However, Mr. Stevens' brief sets forth the pertinent interrogatory and Ms. Mischler's complete response and Ms. Mischler does not dispute the accuracy of these purported facts.  Therefore, the Court will accept them as true for purposes of the pending motion.  *See* Fed. R. Civ. P. 56(e)(2).

5

request for child support in 2005, a protective order taken out by Mr. Stevens in 2006 and a criminal charge against Ms. Mischler in 2006 [*Id.* at pp. 9—13].

Ms. Mischler does not dispute this characterization of her allegations against Mr. Stevens, nor does she allege additional acts by him after 2006. Instead, she argues that the 2002 custody order was entered without subject matter jurisdiction and that courts have continued to give that order "full faith and credit" [Doc. 192-1 at p. 3]. She argues that it is a disputed fact whether the September 23, 2002 order had subject matter jurisdiction and also whether subsequent orders giving full faith and credit to the September 23, 2002 order have validity [*Id.* at p. 4]. Thus, she argues, until this "legal defect" is cured, the statute of limitations does not begin to run [Doc. 192].

Ms. Mischler's argument misses the mark. Even assuming that the September 23, 2002 order was entered without subject matter jurisdiction, a point that this Court need not decide, Ms. Mischler has alleged no "extreme and outrageous conduct" by Mr. Stevens, the alleged tortfeasor, after 2006. "A plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Humana of Ky.*, 796 S.W.2d at 3 (citing *Anderson*, 477 U.S. 242). Ms. Mischler has not done so. Her failure to present any evidence that Mr. Stevens has committed any tortious act within the limitations period is fatal to her claim. Accordingly, Mr. Stevens is entitled to judgment as a matter of law.

## IV.     Conclusion

For the reasons set forth herein, the sole remaining claim against Mr. Stevens is barred by the statute of limitations and his motion for summary judgment [Doc. 186]. An appropriate order will be entered.

 s/ Thomas W. Phillips  
SENIOR UNITED STATES DISTRICT JUDGE
