UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

| AMY JERRINE MISCHLER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 7:13-CV-8 |
| | ) | |
| JONAH LEE STEVENS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff has filed a Motion to Disqualify the undersigned from this closed civil case [Doc. 199]. In support of this motion, plaintiff complains that this Court's impartiality is in question "due to his disparate legal treatment of two forms of jurisdiction." This complaint apparently relates to the Court's summary judgment ruling that plaintiff's tort claim against defendant Stevens was time-barred [Docs. 193, 194]. Notably, the Sixth Circuit Court of Appeals affirmed that ruling and specifically held that plaintiff's "argument that Judge Paxton lacked jurisdiction to enter the [state-court] order is not relevant to the determination of whether her tort claim is time-barred" [Doc. 197]. Further, plaintiff speculates that the undersigned is "too naïve to believe the depth of deception and manipulation" by the defendant.

Judicial disqualification is required under 28 U.S.C. § 455(a) "in any proceeding in which [the Court's] impartiality might reasonably be questioned." The standard for judicial disqualification is set forth in *Liteky v. United States*, 510 U.S. 540 (1994):

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. … In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required … when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. … *Not* establishing bias or partiality … are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration – even a stern and short-tempered judge's ordinary efforts at courtroom administration – remain immune.

*Id.* at 555.

The plaintiff has the burden of establishing objective evidence of bias, *i.e.*, whether a reasonable person, knowing all the surrounding circumstances, would consider the judge impartial. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 1992 WL 99456, at * 5 (6th Cir. May 12, 1992); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

As with her previous motion for disqualification, the plaintiff has presented no objective evidence of bias, merely a disagreement with the undersigned's rulings. This is precisely within the scope of the Supreme Court's admonition in *Liteky* and is not a basis for disqualification. Further, plaintiff has presented no factual or legal basis for recusal in

a case in which all matters have been resolved on the merits.  Therefore, plaintiff's motion for judicial disqualification [Doc. 199] is **DENIED**.

IT IS SO ORDERED.


　s/ Thomas W. Phillips　
SENIOR UNITED STATES DISTRICT JUDGE