UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT PIKEVILLE

| | |
|---|---|
| AMY JERRINE MISCHLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 7:13-CV-8 |
| ) | |
| JONAH LEE STEVENS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 201] by the District Judge.

Now before the Court is the Plaintiff's Motion for Rule 11 Sanctions against Defendants [Doc. 200]. The Defendant and his counsel filed an Objection and Response to the Motion [Doc. 202]. The Motion is now ripe for adjudication. Accordingly, for the reasons explained below, the Court finds the Plaintiff's Motion [**Doc. 200**] not well-taken, and it is **DENIED**.

I.    POSITIONS OF THE PARTIES

The Plaintiff requests Rule 11 sanctions against the Defendant and his attorney, Brian Cumbo. For grounds, the Plaintiff states that the Defendant and Attorney Cumbo filed a confidential report, without any redactions, in order to defame and harass the Plaintiff. The Plaintiff continues that while the matter has been resolved, the Plaintiff believes that she was penalized due to the false belief that she was a substantial child abuser and mentally ill. In addition, she explains that she waited to file her sanctions until she could show actual harm, although under Rule 11, she is not required to show actual harm. With respect to sanctions, the Plaintiff requests that the Defendant and Attorney Cumbo both be required to answer "yes" or

"no" on the record as to whether Judge Julie Paxton had subject matter jurisdiction in the September 2002 Order that changed child custody from the Plaintiff to the Defendant. The Plaintiff further requests that the Court enter a formal letter to Chief Judge Karen Caudill recommending an investigation and termination of Attorney Cumbo's and Defendant's privileges to practice in the Eastern District of Kentucky.

The Defendant and Attorney Cumbo respond [Doc. 202] that the report was filed as Exhibit F to Defendant's Objection and Response to Plaintiff's Motion to Clarify and Plaintiff's Motion for Judicial Disqualification. They continue that the report admittedly contained information that should not have been placed in the public record and was a clerical oversight. The Defendant and Attorney Cumbo explain that the Clerk alerted Attorney Combo, and he immediately corrected the oversight by filing a redacted report. They assert that filing the report did not violate Rule 11 because it was a genuine historical record relative to the litigation between the parties.

**II.   ANALYSIS**

Federal Rule of Civil Procedure 11(b)(1) provides as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the costs of litigation.

As an initial matter, the Court observes that the Sixth Circuit issued its mandate in this case on June 7, 2017. In its opinion, the Sixth Circuit addressed the Plaintiff's request for Rule 11 sanctions, stating that the Plaintiff had "not established that the district court should have sanctioned Stevens for publishing the results of her psychological report on PACER because she

does not allege that she moved for the imposition of such sanctions." [Doc. 197 at 5]. Thus, Plaintiff's Motion appears to be an attempt to revive an argument that the Sixth Circuit has already addressed. The Plaintiff explains that she waited to file her request for sanctions until she could show actual harm. The Plaintiff acknowledges, however, that a showing of actual harm is not a requirement for Rule 11 sanctions. Moreover, the Court notes that the confidential information was filed on January 7, 2016, and on January 8, 2016, the Defendant filed a response stating that he did not object to placing the record under seal. *See* Fed. R. Civ. P. 11(c)(2) (explaining that a Rule 11 motion may not be presented to the court if the challenged paper is withdrawn or appropriately corrected within 21 days after service or within another time the court sets). While the District Judge stated that the information was irrelevant to the pending motions, *see* [Doc. 170], such finding does not equate to sanctionable conduct. Further, the Plaintiff's requested sanctions (i.e., requiring the Defendant and Attorney Cumbo to answer a legal question on the record and recommending an investigation to terminate their privileges to practice in the Eastern District of Kentucky) unwarranted. *See Danvers v. Danvers,* 959 F.2d 601, 605 (6th Cir. 1992) ( explaining that "[b]ecause deterrence is the primary goal, the *minimum* necessary to deter the sanctioned party is the proper award, even if this amount does not fully compensate the moving party") (citing *Jackson v. Law Firm*, 875 F.2d 1224, 1229-30 (6th Cir. 1989)).

### III. CONCLUSION

Accordingly, for the reasons stated above, the Court finds that sanctions are not warranted, and the Plaintiff's Motion for Rule 11 Sanctions Against Defendants [**Doc. 200**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge

3